# CIRCUIT COURT OF FAIRFAX COUNTY

Leonard Buddington

v.

Shawnee Hall

January 19, 2000

Case No. (Chancery) 162685

BY JUDGE HENRY E. HUDSON

This matter was before the court on January 6, 2000, on an appeal from the Juvenile and Domestic Relations District Court of an order denying Petitioner's motion for refund of child support payments. Upon consideration of the Court record and argument of counsel, the Court is of the opinion that it lacks jurisdiction over the support payments in question.

On December 14, 1989, a judge of the Fairfax County Juvenile and Domestic Relations District Court found the Petitioner to be the biological father of Jessie B. Hall. The Court further ordered the Petitioner to pay child support in the amount of $294.00 per month. It does not appear from the record that the Petitioner attended the December 14, 1989, hearing.

Petitioner subsequently learned of the aforesaid child support order and underwent DNA paternity testing. The results excluded Petitioner as the biological father of Jessie B. Hall. Based on these results, the Juvenile and Domestic Relations District Court, on Petitioner's motion, entered an order on October 19, 1998, finding Petitioner "not to be the biological father of Jessie B. Hall." This decision had the effect of relieving Petitioner of further child support obligations under the December 14, 1989, order.

In addition to the above-discussed child support obligation, the Petitioner was also required to pay support for another child born of a different relationship. This order was issued by the Juvenile and Domestic Relations District Court of Stafford County and directed the Petitioner to make such

payments through the state Division of Child Support Enforcement (DCSE) as had the Fairfax County court.

The Petitioner made payments pursuant to the Stafford County order. No actual payments were ever made under the Fairfax County order. However, in accordance with DCSE policy, DCSE apportioned Petitioner's pre-October 19, 1998, payments between his Stafford- and Fairfax-ordered support obligations. Over a number of years, this apportionment process, apparently unbeknown to the Petitioner, caused him to fall into arrears on his Stafford County support obligation.

Petitioner is now requesting that the portions of his payments toward his Stafford County obligation credited prior to October 19, 1998, by DCSE to the Fairfax support order be administratively applied by DCSE to curtail his arrearage.

Petitioner made no payments to DCSE directly toward his Fairfax support obligation. The Court, therefore, believes that it is without jurisdiction to direct DCSE to re-credit Petitioner's Stafford County obligation with the amount administratively applied to the Fairfax County support order.

The decision of the Fairfax County Juvenile and Domestic Relations District Court denying Petitioner's request for refund is affirmed, and his appeal is dismissed.